UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALONDA BORDLEY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| **CREDIT ONE BANK**, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

ALONDA BORDLEY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ONE BANK ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Philadelphia, PA 19143.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 585 Pilot Road, Las Vegas, Nevada 89119.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for several months.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning on January 13, 2016, Defendant called Plaintiff on her cellular telephone on a daily basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

14. Defendant's calls would include a period of silence before Plaintiff would speak to one of Defendant's representatives.

15. Defendant has been contacting Plaintiff to speak to an unknown third party named Cameron since the calls began on January 13, 2016.

16. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to speak to the unknown third party named Cameron.

17. On January 13, Plaintiff spoke with Defendant and advised that she was not Cameron and to cease all further calls.

18. Defendant proceeded to ignore Plaintiff's revocation and call her cellular telephone number at least ten (10) times after consent was revoked.

19.     Defendant placed more than twenty (20) total calls to Plaintiff since the calls began on January 13, 2016.

20.     After Defendant continued to call Plaintiff repeatedly on her cellular telephone, Plaintiff was forced to block calls from Defendant's phone numbers.

21.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24.     Defendant's calls to Plaintiff were not made for emergency purposes.

25.     Defendant's calls to Plaintiff, on and after January 13, 2016, were not made with Plaintiff's prior express consent.

26.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALONDA BORDLEY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ALONDA BORDLEY, demands a jury trial in this case.

                                                         Respectfully submitted,

DATED: 3-16-16

/s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com